# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jethro Heiko and Chelsea　　　　　:
Thompson-Heiko and Edward Verrall,　:
　　　　　　　　　Appellants　　:
　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　:　No. 1610 C.D. 2014
　　　　　　　　　　　　　　　　:　Argued:  October 6, 2015
Philadelphia Zoning Board of　　　　:
Adjustment and Core Equity II, L.P.　:


BEFORE:　HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
　　　　　HONORABLE P. KEVIN BROBSON, Judge
　　　　　HONORABLE ANNE E. COVEY, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**　　　　　　　**FILED:  October 30, 2015**


Jethro Heiko, Chelsea Thompson-Heiko, and Edward Verrall (collectively, Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court), which affirmed the order of the Philadelphia Zoning Board of Adjustment (ZBA), granting Core Equity II, L.P.'s (Core) petition for certain use and dimensional variances and special exceptions pertaining to a property located at 1000 Frankford Avenue, Philadelphia, Pennsylvania.  For the reasons discussed below, we affirm.

The trial court's order at issue in this case was one of four interrelated rulings issued on the same day, each of which concerned properties covered by a single Plan of Development (POD) known as the Canal Street North Project (Canal Project).  The Canal Project consists of six properties, four of which are the subjects of separate appeals:  1000 Frankford Avenue (Frankford Property), 33-51 Laurel Street (Laurel Property), 29-45 Poplar Street (Poplar Property), and

1106-1128 North Delaware Avenue (Delaware Property).[1]  Although each property is managed by a separate entity, all of the properties are owned by the same developer, Michael Samschick.

The Canal Project centers on the Frankford Property and the Ajax Building located therein.  The Ajax Building is a 150,000 square-foot, two-story building that covers approximately eighty-five percent of the Frankford Property.  The Ajax Building is a former warehouse which has been vacant for more than a decade and is deteriorated.  It is the largest piece of the proposed development and encompasses the following proposed uses:

> (1) A 3,000-person capacity Live Nation concert venue, consisting of a two-story space with a stage at one end, open areas in the middle, and seating around the second tier;
>
> (2) A two-story bowling alley and restaurant (sports restaurant) with twenty bowling lanes and bocce courts;
>
> (3) A distillery, manufacturing small-batch vodka, gin, and spirits, with administrative offices and a small tasting room;
>
> (4) Two proposed retail spaces and administrative offices; and
>
> (5) A second restaurant, located on the ground level and facing the Delaware River (first-floor restaurant).

Core submitted applications to the Department of Licenses & Inspections (L&I) for zoning/use permits for the renovation of the Ajax Building.

---

[1] The related appeals are docketed as follows:  *Heiko v. Philadelphia Zoning Board of Adjustment*, No. 1722 C.D. 2014 (Laurel Property); *Heiko v. Philadelphia Zoning Board of Adjustment*, No. 1611 C.D. 2014 (Poplar Property); and *Heiko v. Philadelphia Zoning Board of Adjustment*, No. 1612 C.D. 2014 (Delaware Property).

L&I issued refusals for each application, noting that the proposed uses were not permitted under the Philadelphia Zoning Code (Zoning Code). L&I cited the following reasons for refusal:

(1) The concert venue is a prohibited use under Section 14-507(4)(c) of the Zoning Code;

(2) The distillery and bowling alley are not permitted uses under Table 14-602-2 in Section 14-602(4) of the Zoning Code;

(3) The restaurants require special exceptions under Section 14-503(8)(b)(.2) of the Zoning Code; and

(4) The restaurants require 51 parking spaces pursuant to Section 14-802(7)(c)(.1) of the Zoning Code, and none were provided.

After corresponding with Appellants, L&I issued a memorandum titled "Correction of Refusal," which clarified and modified the original refusal in the following pertinent ways:

(1) The concert venue is deemed an "assembly and entertainment" use under Section 14-601(7)(c) of the Zoning Code—a prohibited use under Section 14-503(8)(b)(.1) of the Zoning Code;

(2) The bowling alley, originally treated as part of the sports restaurant, is deemed to be a separate "assembly and entertainment" use and prohibited under Section 14-503(8)(b)(.1) of the Zoning Code;

(3) The distillery tasting room is deemed to be a sit-down restaurant requiring a special exception; and

3

(4) A total of 892 parking spaces are required for all the proposed uses.

In sum, the multiple refusals for the Frankford Property fell into three categories: (1) failure to provide the required parking, which required a dimensional variance; (2) use variances were needed for the concert venue, distillery, and bowling alley; and (3) special exceptions were required for the tasting room, sports restaurant, and first-floor restaurant.

Core appealed L&I's refusals to the ZBA. The ZBA granted Core's appeal, with the proviso that Core must acquire at least 500 parking spaces for the Canal Project. The ZBA's approval of the Canal Project included: (1) the granting of use variances for the concert venue, bowling alley, and distillery on the Frankford Property; (2) the granting of a dimensional variance regarding the overall number of parking spaces; and (3) the granting of special exceptions for the sports restaurant, the tasting room, and the first-floor restaurant.

Appellants appealed the ZBA's decision to the trial court, arguing that: (1) the ZBA lacked sufficient evidence to grant the variances and special exceptions; (2) the Canal Project would harm the public, increase traffic congestion, and create excessive crime in the neighborhood; (3) categorizing the concert venue as an "assembly and entertainment" use rather than a "nightclub" constituted an error of law; and (4) because the concert venue is a nightclub requiring 1,500 parking spaces, the 500-space parking requirement constitutes an excessive dimensional variance that is beyond the authority of the ZBA to grant.

The trial court denied Appellants' appeal, holding that the ZBA did not commit an error of law and that the record contained substantial evidence to support the granting of the variances and special exceptions. The trial court

4

concluded that: (1) the use variances for the Frankford Property were supported by substantial evidence; (2) the ZBA did not err in categorizing the concert venue as an assembly and entertainment use and, therefore, did not exceed its authority in granting the dimensional variance for parking; (3) the ZBA's granting of the special exceptions was supported by substantial evidence; and (4) the ZBA did not violate Appellants' due process rights by conditioning the approvals on Core's ability to acquire 500 parking spaces.

On appeal[2] to this Court, Appellants argue that the ZBA erred in granting the variances for the Frankford Property because the finding of a hardship is not supported by substantial evidence, the variances granted were not the least-possible variances, and the variances will have an adverse effect on the general welfare of the neighborhood. Appellants also argue that the ZBA lacked the authority to grant the dimensional variance for parking, that the ZBA's grant of the special exceptions were not supported by substantial evidence, and the ZBA violated Appellants' due process rights by conditioning the approvals on Core's ability to acquire 500 parking spaces.

This Court agrees with the trial court's decision and further concludes that the opinion of the Honorable Ellen Ceisler, issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), thoroughly discusses and properly disposes of the arguments raised on appeal to this Court. As such, we adopt the analysis in her opinion, filed February 9, 2015, for the purposes of appellate review. Accordingly, we affirm the trial court's order on the basis of the attached

---

[2] When, as here, the trial court accepts no additional evidence in a zoning appeal, our review is limited to considering whether the ZBA erred as a matter of law or abused its discretion. *Singer v. Phila. Zoning Bd. of Adjustment*, 29 A.3d 144, 148 n.1 (Pa. Cmwlth. 2011).

5

Rule 1925(a) opinion issued in *Heiko v. Philadelphia Zoning Board of Adjustment*, Philadelphia County, No. 130603503, filed February 9, 2015.

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jethro Heiko and Chelsea
Thompson-Heiko and Edward Verrall, :
          Appellants :
           :
          v. : No. 1610 C.D. 2014
           :
Philadelphia Zoning Board of :
Adjustment and Core Equity II, L.P. :

# **O R D E R**


AND NOW, this 30th day of October, 2015, the order of the Court of Common Pleas for Philadelphia County, dated August 15, 2014, affirming the order of Philadelphia Zoning Board of Adjustment, is hereby AFFIRMED. This Court adopts the analysis of the Honorable Ellen Ceisler, issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), in *Heiko v. Philadelphia Zoning Board of Adjustment*, Philadelphia County, No. 130603503, filed February 9, 2015.


                                           _____

                                           P. KEVIN BROBSON, Judge